**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 15-32179 |
| | § | |
| LUTHERYA D HARRIS | § | |
| | § | |
| | § | |
| Debtor | § | |

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 13 of the United States Bankruptcy Code was filed on 09/22/2015. The case was converted to one under Chapter 7 on 02/03/2016. The undersigned trustee was appointed on 02/03/2016.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                                     $2,000.00

   Funds were disbursed in the following amounts:

   | | |
   |---|---|
   | Payments made under an interim distribution | $0.00 |
   | Administrative expenses | $0.00 |
   | Bank service fees | $0.98 |
   | Other Payments to creditors | $0.00 |
   | Non-estate funds paid to 3rd Parties | $0.00 |
   | Exemptions paid to the debtor | $0.00 |
   | Other payments to the debtor | $0.00 |
   | Leaving a balance on hand of[1] | $1,999.02 |

   The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance on funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursements will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (5/1/2011)**

6. The deadline for filing non-governmental claims in this case was 11/03/2016 and the deadline for filing government claims was 11/03/2016. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $500.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $500.00, for a total compensation of $500.00[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $23.54, for total expenses of $23.54.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 01/02/2018        By:    /s/ David P. Leibowitz
                                Trustee

**STATEMENT:** This Uniform form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**UST Form 101-7-TFR (5/1/2011)**

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page No: 1     Exhibit A

| Case No.: | 15-32179 | | Trustee Name: | David Leibowitz |
| Case Name: | HARRIS, LUTHERYA D | | Date Filed (f) or Converted (c): | 02/03/2016 (c) |
| For the Period Ending: | 1/2/2018 | | §341(a) Meeting Date: | 03/01/2016 |
| | | | Claims Bar Date: | 11/03/2016 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| **Ref. #** | | | | | |
| 1  Chase-Savings Account | $100.00 | $0.00 | | $0.00 | FA |
| 2  Bank of America-Checking Account | $10.00 | $10.00 | | $0.00 | FA |
| 3  2004 Mitsubish Galant | $800.00 | $600.00 | | $0.00 | FA |
| **Asset Notes:** Debtor retains possession of this vehicle. | | | | | |
| 4  Furnishings | $500.00 | $0.00 | | $0.00 | FA |
| 5  Clothing | $300.00 | $0.00 | | $0.00 | FA |
| 6  Debtor believes she may have claim against Walgreens, prior employer, for improper firing. She has not yet found an atty. | Unknown | $1,000.00 | | $0.00 | FA |
| **Asset Notes:** Per Debtor's attorney, nothing came of this. She never hired an attorney and subsequently went back to work at Walgreens for a period of time. It was included in schedules in interest of full disclosure. | | | | | |
| 7  2002 Pontiac Bonneville | $1,500.00 | $0.00 | | $1,000.00 | FA |
| **Asset Notes:** Debtor claimed that her boyfriend sold her 2002 Pontiac Bonneville (asset no. 7), 2002 Chevy Express (asset no. 8), and 2000 Pontiac Grand Prix (asset no. 9) without court authorization during the course of the bankruptcy case. Debtor subsequently offered to purchase the estate's right, title, and interest in the three vehicles for the aggregate sum of $2,000; Trustee obtained order authorizing same on 11/30/2016 (dkt #53). | | | | | |
| 8  2002 Chevy Express | $800.00 | $0.00 | | $533.33 | FA |
| **Asset Notes:** Estate's interest in this vehicle and two others was sold to Debtor per order entered 11/30/2016 (see asset no. 7). | | | | | |
| 9  2000 Pontiac Grand Prix | $700.00 | $0.00 | | $466.67 | FA |
| **Asset Notes:** Estate's interest in this vehicle and two others was sold to Debtor per order entered 11/30/2016 (see asset no. 7). | | | | | |
| 10  VOID - ASSET ENTERED IN ERROR  (u) | $0.00 | $0.00 | | $0.00 | FA |
| 11  2015 Earned Income Credit and Child Tax Credit  (u) | $8,300.00 | $0.00 | | $0.00 | FA |
| **Asset Notes:** Added in Amended Schedule B filed 02/29/2016 (dkt #31). | | | | | |

**TOTALS (Excluding unknown value)**         **Gross Value of Remaining Assets**

$13,010.00     $1,610.00         $2,000.00         $0.00

**Major Activities affecting case closing:**

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page No: 2        Exhibit A

| Case No.: | 15-32179 | Trustee Name: | David Leibowitz |
| Case Name: | HARRIS, LUTHERYA D | Date Filed (f) or Converted (c): | 02/03/2016 (c) |
| For the Period Ending: | 1/2/2018 | §341(a) Meeting Date: | 03/01/2016 |
| | | Claims Bar Date: | 11/03/2016 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

05/26/2017   2017 Reporting Period:

The Debtor claimed that her boyfriend sold 3 of her vehicles without court approval during the course of the bankruptcy case. Debtor subsequently offered to purchase the estate's right, title, and interest in the three vehicles for the aggregate sum of $2,000, to be paid from her 2016 tax refund.

In March, Debtor's attorney advised the Trustee's office that his client received her refund, and the Trustee's office could expect payment promptly. The Trustee has not received payment, and Debtor's attorney has been unable to get his client to remit the funds. Trustee filed a motion for turnover, and Debtor has now agreed to pay the balance in full no later than June 30, 2017. The Trustee advised Debtor's attorney that if the funds are not received by then, he will move to revoke discharge.

The case will be ready for TFR upon receipt of funds due.

06/30/2016   2016 Reporting Period:
Converted from chapter 13
341 interview held on 4/21/16 (initial meeting was continued due to Debtor's absence)
Debtor's chapter 13 schedules listed 4 vehicles. At the 341, Debtor testified that her boyfriend sold 2 or 3 of them and that she has not seen any funds from the sales, but could not provide any documentation, nor was court authorization to sell estate property requested or granted.

Upon review of bank statements, noted 3 counter-credit cash deposits: counter-credits: 11/10 $569.14, 11/25 $407.05, 12/08 $862.00

Debtor is unable to explain the source of funds for these deposits, nor has she produced any police reports or any other documentation as to the sale of the 3 vehicles.

| **Initial Projected Date Of Final Report (TFR):** | 08/30/2017 | **Current Projected Date Of Final Report (TFR):** | /s/ DAVID LEIBOWITZ |
| | | | DAVID LEIBOWITZ |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page No: 1     Exhibit B

| Case No. | 15-32179 | Trustee Name: | David Leibowitz |
|---|---|---|---|
| Case Name: | HARRIS, LUTHERYA D | Bank Name: | Green Bank |
| Primary Taxpayer ID #: | **-***1712 | Checking Acct #: | ******7901 |
| Co-Debtor Taxpayer ID #: | | Account Title: | |
| For Period Beginning: | 9/22/2015 | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 1/2/2018 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 06/08/2017 | | HARRIS, LUTHERYA D | Sale of Trustee's right, title, and interest in three vehicles (payment 1 of 3) | * | $1,000.00 | | $1,000.00 |
| | {7} | | payment 1 of 3                 $500.00 | 1129-000 | | | $1,000.00 |
| | {8} | | payment 1 of 3                 $266.67 | 1129-000 | | | $1,000.00 |
| | {9} | | payment 1 of 3                 $233.33 | 1129-000 | | | $1,000.00 |
| 06/30/2017 | | Green Bank | Bank Service Fee | 2600-000 | | $0.98 | $999.02 |
| 07/11/2017 | | HARRIS, LUTHERYA D | Sale of Trustee's right, title, and interest in three vehicles (payment 2 of 3) | * | $500.00 | | $1,499.02 |
| | {7} | | payment 2 of 3                 $250.00 | 1129-000 | | | $1,499.02 |
| | {9} | | payment 2 of 3                 $116.67 | 1129-000 | | | $1,499.02 |
| | {8} | | payment 2 of 3                 $133.33 | 1129-000 | | | $1,499.02 |
| 07/11/2017 | | HARRIS, LUTHERYA D | Sale of Trustee's right, title, and interest in three vehicles (payment 3 of 3) | * | $500.00 | | $1,999.02 |
| | {7} | | payment 3 of 3                 $250.00 | 1129-000 | | | $1,999.02 |
| | {9} | | payment 3 of 3                 $116.67 | 1129-000 | | | $1,999.02 |
| | {8} | | payment 3 of 3                 $133.33 | 1129-000 | | | $1,999.02 |

**SUBTOTALS**     $2,000.00     $0.98

Page No: 2   Exhibit B

**FORM 2**
**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No. | 15-32179 | | Trustee Name: | David Leibowitz |
|---|---|---|---|---|
| Case Name: | HARRIS, LUTHERYA D | | Bank Name: | Green Bank |
| Primary Taxpayer ID #: | **-***1712 | | Checking Acct #: | ******7901 |
| Co-Debtor Taxpayer ID #: | | | Account Title: | |
| For Period Beginning: | 9/22/2015 | | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 1/2/2018 | | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | **TOTALS:** | | $2,000.00 | $0.98 | $1,999.02 |
| | | | Less: Bank transfers/CDs | | $0.00 | $0.00 | |
| | | | **Subtotal** | | $2,000.00 | $0.98 | |
| | | | Less: Payments to debtors | | $0.00 | $0.00 | |
| | | | **Net** | | $2,000.00 | $0.98 | |

| For the period of 9/22/2015 to 1/2/2018 | | For the entire history of the account between 06/08/2017 to 1/2/2018 | |
|---|---|---|---|
| Total Compensable Receipts: | $2,000.00 | Total Compensable Receipts: | $2,000.00 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $2,000.00 | Total Comp/Non Comp Receipts: | $2,000.00 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $0.98 | Total Compensable Disbursements: | $0.98 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.98 | Total Comp/Non Comp Disbursements: | $0.98 |
| Total Internal/Transfer Disbursements: | $0.00 | Total Internal/Transfer Disbursements: | $0.00 |

**FORM 2**

Page No: 3       Exhibit B

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No. | 15-32179 | | Trustee Name: | David Leibowitz |
|---|---|---|---|---|
| Case Name: | HARRIS, LUTHERYA D | | Bank Name: | Green Bank |
| Primary Taxpayer ID #: | **-***1712 | | Checking Acct #: | ******7901 |
| Co-Debtor Taxpayer ID #: | | | Account Title: | |
| For Period Beginning: | 9/22/2015 | | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 1/2/2018 | | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

|  | TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSE | ACCOUNT BALANCES |
|---|---|---|---|---|
|  |  | $2,000.00 | $0.98 | $1,999.02 |

**For the period of 9/22/2015 to 1/2/2018**

| | |
|---|---|
| Total Compensable Receipts: | $2,000.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $2,000.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $0.98 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.98 |
| Total Internal/Transfer Disbursements: | $0.00 |

**For the entire history of the case between 02/03/2016 to 1/2/2018**

| | |
|---|---|
| Total Compensable Receipts: | $2,000.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $2,000.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $0.98 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.98 |
| Total Internal/Transfer Disbursements: | $0.00 |

/s/ DAVID LEIBOWITZ

DAVID LEIBOWITZ

**CLAIMS ANALYSIS REPORT**   Page No: 1
Exhibit C

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Case No.** | 15-32179 | | | | | | | **Trustee Name:** | David Leibowitz |
| **Case Name:** | HARRIS, LUTHERYA D | | | | | | | **Date:** | 1/2/2018 |
| **Claims Bar Date:** | 11/03/2016 | | | | | | | | |

| Claim No.: | Creditor Name | Claim Class | Claim Status | Uniform Tran Code | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|---|---|---|
| | DAVID LEIBOWITZ<br><br>53 West Jackson Boulevard, Suite 1610<br>Chicago IL 60604 | Trustee Compensation | Allowed | 2100-000 | $500.00 | $0.00 | $0.00 | $0.00 | $500.00 |
| | DAVID P. LEIBOWITZ<br><br>53 West Jackson Boulevard, Suite 1610<br>Chicago IL 60604 | Trustee Expenses | Allowed | 2200-000 | $23.54 | $0.00 | $0.00 | $0.00 | $23.54 |
| 3 | ILLINOIS DEPARTMENT OF REVENUE<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago IL 60664-0338 | Claims of Governmental Units | Allowed | 5800-000 | $156.64 | $0.00 | $0.00 | $0.00 | $156.64 |
| 1 | CITY OF CHICAGO DEPARTMENT OF FINANCE<br>c/o Arnold Scott Harris P.C.<br>111 W Jackson Blvd Ste 600<br>Chicago IL 60604 | General Unsecured § 726(a)(2) | Allowed | 7100-000 | $7,267.55 | $0.00 | $0.00 | $0.00 | $7,267.55 |
| 2 | COMMONWEALTH EDISON COMPANY<br><br>3 Lincoln Center<br>Attn: Bankruptcy Department<br>Oakbrook Terrace IL 60181 | General Unsecured § 726(a)(2) | Allowed | 7100-000 | $2,192.29 | $0.00 | $0.00 | $0.00 | $2,192.29 |
| 3A | ILLINOIS DEPARTMENT OF REVENUE<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago IL 60664-0338 | Fines, Penalties § 726(a)(4) | Allowed | 7300-000 | $59.20 | $0.00 | $0.00 | $0.00 | $59.20 |
| | | | | | $10,199.22 | $0.00 | $0.00 | $0.00 | $10,199.22 |

CLAIM ANALYSIS REPORT  Page No: 2
Exhibit C

| Case No. | 15-32179 | | | | Trustee Name: | David Leibowitz |
| Case Name: | HARRIS, LUTHERYA D | | | | Date: | 1/2/2018 |
| Claims Bar Date: | 11/03/2016 | | | | | |

**CLAIM CLASS SUMMARY TOTALS**

| Claim Class | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|
| Claims of Governmental Units | $156.64 | $156.64 | $0.00 | $0.00 | $0.00 | $156.64 |
| Fines, Penalties § 726(a)(4) | $59.20 | $59.20 | $0.00 | $0.00 | $0.00 | $59.20 |
| General Unsecured § 726(a)(2) | $9,459.84 | $9,459.84 | $0.00 | $0.00 | $0.00 | $9,459.84 |
| Trustee Compensation | $500.00 | $500.00 | $0.00 | $0.00 | $0.00 | $500.00 |
| Trustee Expenses | $23.54 | $23.54 | $0.00 | $0.00 | $0.00 | $23.54 |

Exhibit D

**TRUSTEE'S PROPOSED DISTRIBUTION**

Case No.:       15-32179
Case Name:      LUTHERYA D HARRIS
Trustee Name:   David P. Leibowitz

|  | Balance on hand: | $1,999.02 |
|---|---:|---:|

Claims of secured creditors will be paid as follows: NONE

|  | Total to be paid to secured creditors: | $0.00 |
|---|---:|---:|
|  | Remaining balance: | $1,999.02 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| **Reason/Applicant** | **Total Requested** | **Interim Payments to Date** | **Proposed Payment** |
|---|---:|---:|---:|
| David Leibowitz, Trustee Fees | $500.00 | $0.00 | $500.00 |
| David P. Leibowitz, Trustee Expenses | $23.54 | $0.00 | $23.54 |

|  | Total to be paid for chapter 7 administrative expenses: | $523.54 |
|---|---:|---:|
|  | Remaining balance: | $1,475.48 |

Applications for prior chapter fees and administrative expenses have been filed as follows:
NONE

|  | Total to be paid to prior chapter administrative expenses: | $0.00 |
|---|---:|---:|
|  | Remaining balance: | $1,475.48 |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $156.64 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | **Allowed Amt. of Claim** | **Interim Payments to Date** | **Proposed Payment** |
|---|---|---:|---:|---:|
| 3 | Illinois Department of Revenue | $156.64 | $0.00 | $156.64 |

**UST Form 101-7-TFR (5/1/2011)**

|  |  |
|---|---:|
| Total to be paid to priority claims: | $156.64 |
| Remaining balance: | $1,318.84 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $9,459.84 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 13.9 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---:|---:|---:|
| 1 | City Of Chicago Department of Finance | $7,267.55 | $0.00 | $1,013.20 |
| 2 | Commonwealth Edison Company | $2,192.29 | $0.00 | $305.64 |

|  |  |
|---|---:|
| Total to be paid to timely general unsecured claims: | $1,318.84 |
| Remaining balance: | $0.00 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows: NONE

|  |  |
|---|---:|
| Total to be paid to tardily filed general unsecured claims: | $0.00 |
| Remaining balance: | $0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $59.20 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---:|---:|---:|
| 3A | Illinois Department of Revenue | $59.20 | $0.00 | $0.00 |

| | |
|---|---:|
| Total to be paid for subordinated claims: | $0.00 |
| Remaining balance: | $0.00 |

**UST Form 101-7-TFR (5/1/2011)**